**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTON MIKHAILOVICH GAVENKO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:25-cv-057 |
| | ) | Judge Stephanie L. Haines |
| LEONARD ODDO, *in his official capacity as* | ) | Magistrate Judge Peter E. Ormsby |
| *Warden of Moshannon Valley Processing* | ) | |
| *Center, et al.,* | ) | |
| | ) | |
| Respondents. | | |

## <u>MEMORANDUM ORDER</u>

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Anton Mikhailovich Gavenko ("Petitioner") (ECF No. 1). Petitioner has been detained by Immigration and Customs Enforcement ("ICE") since February 2024 and argues that his detention is unconstitutionally prolonged and seeks immediate release from custody. This matter was referred to Magistrate Judge Peter E. Ormsby for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On May 27, 2026, Magistrate Judge Ormsby filed a Report and Recommendation (ECF No. 10) recommending that the Petition (ECF No. 1) be granted and the Petitioner be released from custody subject to appropriate conditions in accordance with 8 U.S.C. § 1231(a)(3). ECF No. 10, p. 1. The Parties were advised they could file objections to the Report and Recommendation within fourteen days. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. No objections were filed and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 10) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant

1

to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Ormsby in this matter. Judge Ormsby correctly found that Petitioner's detention of over two years with no likelihood of removal in the foreseeable future warrants his release. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondents' argument that other Russian nationals have successfully been deported is unavailing and has no bearing on this Court's consideration of Petitioner's unique circumstance. Indeed, for many years travel papers for Petitioner have been elusive, and the latest communication from the Russian Consulate on April 9, 2026, is that Petitioner's Russian citizenship cannot be confirmed. ECF No. 9-1.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 11th day of June, 2026, IT IS ORDERED that the petition for a writ of habeas corpus (ECF No. 1) hereby is GRANTED. Respondents are to immediately release Petitioner from ICE custody subject to appropriate conditions under 8 U.S.C. § 1231(a)(3); and,

IT IS FURTHER ORDERED that Magistrate Judge Ormsby's Report and Recommendation (ECF No. 10) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge

2